RENDERED:  APRIL 8, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-0772-WC

MICHAEL HARDIN                                                      APPELLANT


                          PETITION FOR REVIEW OF A DECISION
v.                    OF THE WORKERS' COMPENSATION BOARD
                              ACTION NO. WC-12-69227


BROWN FORMAN CORPORATION;
DANIEL CAMERON, ATTORNEY
GENERAL OF KENTUCKY;
HONORABLE GRANT ROARK,
ADMINISTRATIVE LAW JUDGE;
AND WORKERS' COMPENSATION
BOARD                                                               APPELLEES


OPINION
AFFIRMING

** ** ** ** **

BEFORE:  CALDWELL, COMBS, AND L. THOMPSON, JUDGES.

COMBS, JUDGE:  Appellant, Michael Hardin, appeals from the May 15, 2020,

opinion of the Workers' Compensation Board which held that the Administrative

Law Judge (the ALJ), correctly determined that KRS[1] 342.730(4) effective July 14, 2018, applies to Hardin's award of permanent total disability benefits.[2] After our review, we affirm.

The facts are not in dispute. The issue before us is a purely legal one. On appeal, Hardin contends that retroactive application of the 2018 amended version of KRS 342.730(4) to his award of permanent total disability benefits violates the equal protection clause and the contracts clause of the Kentucky Constitution. In relevant part, the statute provides that: "[a]ll income benefits payable pursuant to this chapter shall terminate as of the date upon which the employee reaches the age of seventy (70), or four (4) years after the employee's injury or last exposure, whichever last occurs."

After Hardin filed his petition for review in this Court, the Attorney General filed a motion to stay the appeal on the ground that several appeals contesting the constitutionality of KRS 342.730(4) were currently pending before the Supreme Court. By order entered on July 29, 2020, this Court granted the motion and ordered that the appeal be held in abeyance. On September 27, 2021, the Attorney General filed a motion to return the appeal to the active docket in

---

[1] Kentucky Revised Statutes.

[2] The Board noted that as an administrative tribunal it had no jurisdiction to rule on the constitutionality of a statute and was without authority to render a decision based upon the issue Hardin raised on appeal.

light of the decisions rendered in *Dowell v. Matthews Contracting*, 627 S.W.3d 890 (Ky. 2021) and *Cates v. Kroger*, 627 S.W.3d 864 (Ky. 2021). By order of this Court entered on October 29, 2021, the motion was granted.

In *Holcim v. Swinford*, 581 S.W.3d 37 (Ky. 2019), our Supreme Court previously held that the July 14, 2018, amendment to KRS 342.730(4) "applied retroactively to all claims where (1) the injury occurred after December 1996 and (2) had not been fully and finally adjudicated, are in the appellate process, or for which time to file an appeal has not lapsed, as of the effective date of the Act . . .". *Cates*, 627 S.W.3d at 868 n.4.

*Cates* holds as follows:

> [T]he 2018 amendment classifies recipients based only on age, entirely unrelated to their old-age social-security eligibility. This age classification prevents a duplication of benefits, which we have found, to be a legitimate state interest and applies to all those receiving workers' compensation equally. So the current version of KRS 342.730(4) is not violative of the Equal Protection Clause because the age classification is rationally related to a legitimate state purpose.

*Id.* at 871.

*Dowell* holds that the 2018 amendment to KRS 342.730(4) does not violate the contracts clause of the federal or Kentucky constitutions:

> [T]he benefits an employee may receive following a work-related injury are not a result of a bargained-for exchange following an offer, acceptance, and consideration, but are the result of a statutory scheme

-3-

intended to provide a form of insurance for Kentucky employees in case of injury. Because the [Workers' Compensation Act] does not form a contract, there are no contractual rights that the amendment to KRS 342.730(4) could infringe; thus, the fundamental premise of a Contracts Clause analysis -- the existence of a contract -- is absent, and our analysis ends.

*Dowell*, 627 S.W.3d at 895.

Accordingly, we are compelled to affirm the May 15, 2020, opinion of the Workers' Compensation Board.

ALL CONCUR.

BRIEF FOR APPELLANT:

Stephanie N. Wolfinbarger
Louisville, Kentucky

BRIEF FOR APPELLEE
ATTORNEY GENERAL OF
KENTUCKY:

Matthew F. Kuhn
Brett R. Nolan
Alexander Y. Magera
Frankfort, Kentucky

BRIEF FOR APPELLEE BROWN
FORMAN CORPORATION:

David D. Black
Louisville, Kentucky